Filed 1/30/23  P. v. Servin CA2/1
Opinion on remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B301690 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA190204) |
| v. | |
| JOSE DANIEL SERVIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Reversed and remanded with instructions.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee, David E. Madeo, and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

In January and February 2019, Jose Daniel Servin filed two petitions pursuant to former Penal Code section 1170.95[1] by which he sought resentencing relief relating to a conviction for first degree murder. The trial court found Servin failed to make a prima facie showing that he was entitled to relief because the jury's special circumstance finding contradicted Servin's allegation that he did not act with the intent to kill or was not a major participant who acted with reckless indifference to human life. In 2020, we affirmed the trial court's order. In doing so, we rejected Servin's argument that the jury's special circumstance finding made prior to the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) did not foreclose relief under former section 1172.6 as a matter of law. (*People v. Servin* (Sept. 25, 2020, B301690) [nonpub. opn.].)

The Supreme Court granted review. On September 28, 2022, the Supreme Court transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). Servin and the Attorney General agree that in light of these authorities, we should reverse and remand the matter and direct the trial court to issue

---

[1] All unspecified statutory references are to the Penal Code. Servin's petition, and our prior opinion, were based on the original version of former section 1170.95, effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.) Since that time, the Legislature amended the statute (see Stats. 2021, ch. 551, § 2) and renumbered it as section 1172.6 (Stats. 2022, ch. 58, § 10). In this opinion, reference to "former section 1170.95" is to the original 2019 version.

an order to show cause and hold an evidentiary hearing. We concur.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Charges, Conviction, and Sentencing

We summarize the facts from our opinion on Servin's direct appeal only as necessary to provide context for the counts of conviction.

On August 20, 1996, a witness observed a man get out of a white Astro van and order Denley Wilson, the driver of a green car, to get out of his vehicle. A second man also got out of the van. The witness heard a "bang," and saw the driver of the green car fall to the ground. The second man got into the green car and drove away. Wilson died at the scene. During a police interview, Servin stated he was the driver of the van, but that two of his cohorts were the ones who forced Wilson out of his car and shot him. (*People v. Servin* (Sept. 27, 2001, B147960) [nonpub. opn.].)

In 2000, a jury convicted Servin of first degree murder (§ 187, subd. (a)), robbery (§ 211), and carjacking (§ 215, subd. (a)) and found true the special circumstance allegations that the murder was committed during the commission of a robbery and carjacking. The trial court sentenced Servin to state prison for a term of life without the possibility of parole plus one year and imposed restitution and parole revocation fines upon him.

On direct appeal, Servin argued there was insufficient evidence that he aided and abetted a carjacking, either as a substantive offense or as a felony-murder special circumstance. This court modified the judgment to strike a fine, but otherwise affirmed. (*People v. Servin*, *supra*, B147960.)

**B.     Senate Bill No. 1437**

In 2018, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see §§ 188 189, subd. (e).)

Senate Bill 1437 also enacted former section 1170.95 (thereafter amended and numbered section 1172.6), creating a path for resentencing for persons convicted under the felony-murder rule or the natural and probable consequences doctrine. Under former section 1170.95 as well as section 1172.6, a petitioner must first make a prima facie showing of eligibility for relief, including that the petitioner was convicted of murder under the felony-murder rule or the natural and probable consequences doctrine and currently could not be convicted of first or second degree murder as a result of Senate Bill 1437's amendments to sections 188 and 189. (§ 1172.6, subd. (a); former § 1170.95, subd. (a).)  If the petitioner makes such a showing, then the trial court must issue an order to show cause and hold an evidentiary hearing at which the parties may submit additional evidence.  At the hearing, the burden is on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.  (§ 1172.6, subds. (c), (d); former § 1170.95, subds. (c), (d).)

**C.     Procedural Background**

Servin filed a former section 1170.95 petition for resentencing relief on January 31, 2019, and filed a duplicate

4

petition on February 8, 2019.  After appointing counsel and permitting briefing, the trial court denied Servin's petitions on the basis that he failed to make a prima facie showing that he was entitled to relief.  The trial court stated it had reviewed the briefs, the jury instructions, verdict forms, and our opinion relating to the direct appeal.  After arguments of counsel, the trial court found that the jury instructions and verdict demonstrated the jury necessarily found true facts that contradicted Servin's allegations that he did not act with the intent to kill and that he was not a major participant who acted with reckless indifference to human life.

Servin appealed.  We affirmed the trial court's order.  We concluded the special circumstance finding precluded Servin from resentencing relief under former section 1170.95 as a matter of law and that Servin had to file a writ of habeas corpus to challenge the jury's special circumstance finding under *Banks* and *Clark*.  (*People v. Servin*, *supra*, B301690.)  On December 9, 2020, the Supreme Court granted review of our opinion.

## DISCUSSION

While Servin's appeal was pending with the Supreme Court, the Supreme Court issued *Lewis*, *supra*, 11 Cal.5th 952 and *Strong*, *supra*, 13 Cal.5th 698.  Servin and the Attorney General agree that in light of these authorities, this matter must be reversed and remanded with directions that the trial court issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d).  We concur.

*Lewis* explained that the prima facie inquiry under section 1172.6 is limited.  "[A] trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'  [Citation.]"  (*Lewis*, *supra*, 11 Cal.5th at p. 972.)  At

5

the prima facie stage, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' [Citations.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citations.]"  (*Id*. at p. 971.)

In *Strong*, the Supreme Court explained that *Banks* and *Clark* "substantially clarified" and narrowed the meaning of the terms "major participant" and "reckless indifference to human life" as those terms are used in the felony-murder special circumstance statute, section 190.2.  (*Strong*, *supra*, 13 Cal.5th at p. 721.)  The *Strong* court found that the decisions in *Banks* and *Clark* "represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue" that the principle of issue preclusion would otherwise forbid.  (*Strong*, *supra*, at p. 717.)  As a result, *Strong* held that the trial court could not summarily deny a section 1172.6 petition on the ground that the jury made a pre-*Banks* and pre-*Clark* special circumstance finding.  (*Strong*, *supra*, at p. 720.)  Instead, the matter must proceed to an evidentiary hearing at which the Attorney General has the burden to prove, beyond a reasonable doubt, that the petitioner is ineligible for murder.  (See *ibid*.)

Accordingly, here, it was error to conclude that the pre-*Banks*/*Clark* special circumstance finding precluded resentencing

relief under former section 1170.95 as a matter of law. Because the trial court could not rely on that finding to deny Servin's petitions and because nothing else in the record conclusively refutes Servin's allegations, the trial court erred in not issuing an order to show cause and then conducting an evidentiary hearing. (*Strong, supra,* 13 Cal.5th at p. 720; *Lewis, supra,* 11 Cal.5th at p. 972.)

Servin requests that upon remand, we direct the trial court not to consider the factual summary contained in our prior appellate opinions. Effective January 1, 2022, section 1172.6, subdivision (d)(3) provides a court may consider the procedural history of a prior appellate opinion at the evidentiary hearing. At least one court has held this statutory language means courts should not rely on the factual summaries contained in such opinions. (See *People v. Clements* (2022) 75 Cal.App.5th 276, 292.) However, nothing presently before us requires this court to decide whether and to what extent a court may consider prior appellate opinions in connection with proceedings following remand. Justiciability requirements prohibit us from rendering advisory opinions. (See *People v. Johnson* (2006) 142 Cal.App.4th 776, 789, fn. 4 [" 'The ripeness requirement, a branch of the doctrine of justiciability, prevents courts from issuing purely advisory opinions. . . . It is rooted in the fundamental concept that the proper role of the judiciary does not extend to the resolution of abstract differences of legal opinion' "].) We therefore decline to provide the advisory opinion requested by Servin.

## DISPOSITION

The order denying Servin's petitions under former section 1170.95 is reversed, and the matter is remanded. The trial court

is directed to issue an order to show cause under subdivision (c) of section 1172.6.  The trial court shall then hold an evidentiary hearing under section 1172.6, subdivision (d)(1) and (3), unless the parties waive the hearing and stipulate to Servin's eligibility for resentencing (§ 1172.6, subd. (d)(2)).

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.